Romeo Salta (RS2301)
Attorney for Defendant Boyce
630 Ninth Avenue, Suite 405
New York, NY  10036
(917) 562-3347
Telecopier:  (917) 591-5095
romeosalta@mac.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────X

LIGUSHKA LLC                                                           Civil Action No. 16-cv-09256 (GBD)

                                         Plaintiff,

                    -against-

SHERIAN MCCARTHY ROGERS A/K/A
SHERRIANN MCCARTHY ROGERS A/K/A
SHERRIANN MCCARTHY A/K/A SHERRIANN               **ANSWER**
ROGERS; SEVEN STAR FUEL CORP.; CITY OF
NEW YORK ENVIRONMENTAL CONTROL
BOARD

and JOHN DOE "1" through "12," said persons or
parties having or claimed to have a right, title or
interest in the mortgaged premises herein, their
respective names are presently known to Plaintiff,

                                      Defendants.
─────────────────────────────────────X

      Sherman McCarthy Rogers (the "Defendant"), by and through her attorney, Romeo Salta, as and for her Answer to the Plaintiff's Complaint in this action respectfully alleges as follows:

1.      The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and she refers any questions of law contained therein to the Court.

2. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and, therefore, she denies same.

3. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, therefore, she denies same.

4. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and, therefore, she denies same.

5. The Defendant admits the allegations set forth in Paragraph 5.

6. The Defendant admits the allegations set forth in Paragraph 6.

7. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and, therefore, she denies same.

8. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and, therefore, she denies same.

9. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and, therefore, she denies same.

10. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and, therefore, she denies same.

11. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and, therefore, she denies same.

12. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and, therefore, she denies same.

13. The Defendant admits the allegations set forth in Paragraph 13.

14. The Defendant denies the allegations set forth in Paragraph 14.

15. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and she refers any questions of law contained therein to the Court.

16. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and she refers any questions of law contained therein to the Court.

17. The Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and she expressly denies that the Plaintiff is the owner and holder of the subject Note and Mortgage, and she disputes that Exhibit B is a true and correct copy of the underlying Note.

19. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and she expressly denies that the Plaintiff is the owner and holder of the subject Note and Mortgage, and she disputes that Exhibit C is a true and correct copy of the underlying Mortgage.

20. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and, therefore, she denies same.

21. The Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. The Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. The Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. The Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. The Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. The Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. The Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. The Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. The Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. The Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. The Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. The Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. The Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. The Defendant requests that the questions of law set forth in Paragraph 34 of the Complaint be referred to the Court.

35. The Defendant requests that the questions of law set forth in Paragraph 35 of the Complaint be referred to the Court.

36. The Defendant requests that the questions of law set forth in Paragraph 36 of the Complaint be referred to the Court.

37. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and, therefore, she denies same.

## FIRST AFFIRMATIVE DEFENSE

38. Defendants did not violate any duty or breach any obligation imposed by law, statute, contract, agreement or otherwise, and, therefore, Plaintiff is not entitled to an award of reasonable attorney fees regardless of the outcome.

## SECOND AFFIRMATIVE DEFENSE

39. That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives made fraudulent representations and employed predatory tactics to induce Defendants to execute and deliver the alleged subject mortgage and representative note.

## THIRD AFFIRMATIVE DEFENSE

40. That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated the Real Estate Settlement Procedures Act (RESPA) in soliciting, offering, originating, processing, making, underwriting, committing, closing and funding the subject mortgage and representative note, and, therefore, Defendants are entitled to rescission of the alleged subject mortgage loan obligation and or an offset of any alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

41. That the alleged subject mortgage and representative note was substantively unconscionable in light of Defendants' financial circumstances.

## FIFTH AFFIRMATIVE DEFENSE

42. That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated the Truth In Lending Act codified as 15 U.S.C. § 1601 *et seq*. (TILA) in soliciting, offering, originating, processing, making, underwriting, committing, closing and funding the subject mortgage and representative note and by reason of Plaintiff's failure to accurately disclose financing information, and, therefore, Defendants are

entitled to rescission of the alleged subject mortgage loan obligation and or an offset of any alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

43. That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated the Home Ownership Equity Protection Act as set forth by 15 U.S.C. § 1639 (HOEPA) in soliciting, offering, originating, processing, making, underwriting, committing, closing and funding the subject mortgage and note by, among other things, failing to take measures to verify Defendants' income information that was central to the extension of credit, and, therefore, Defendants are entitled to rescission of the alleged subject mortgage loan obligation and or an offset of any alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

44. That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated New York State General Business Law § 349, which prohibits deceptive business practices, by engaging in misleading and unsatisfactory lending practices in a consumer orientated transaction, the alleged subject mortgage and representative note, likely to mislead a reasonable consumer acting reasonably under the circumstances, in soliciting, offering, originating, processing, making, underwriting, committing, closing and funding the alleged subject mortgage loan obligation.

**EIGHTH AFFIRMATIVE DEFENSE**

45. That Plaintiff, its predecessor in interest and/or alleged assignor, their employees, agents, servants, attorneys and or representatives violated New York State Banking Law, including §6-l in soliciting, offering, processing, originating, making, underwriting, committing, closing and

funding the alleged subject mortgage and representative note, by, among other things, charging excessive points and fees and knowingly and intentionally grossly inflating the value of the subject premises.

### NINTH AFFIRMATIVE DEFENSE

46. That Plaintiff, its predecessor in interest and/or alleged assignor, their employees, agents, servants, attorneys and or representatives did not provide proper notice to Defendants of the alleged default and acceleration of the alleged subject mortgage and representative note pursuant to the terms set forth therein, and, therefore, Plaintiff is acting in bad faith, and, accordingly, Plaintiff's Complaint must be dismissed.

### TENTH AFFIRMATIVE DEFENSE

47. That the Plaintiff is seeking unjust enrichment.

### ELEVENTH AFFIRMATIVE DEFENSE

48. That the alleged assignment(s) of the subject mortgage and note being foreclosed herein to Plaintiff is defective, ineffective, incomplete, improper, invalid, void, voidable, illegal, unauthorized, unrecorded and or was made after the above-captioned action was commenced, and, therefore, Plaintiff did not have a legal or equitable interest in the mortgage at the time the within action was commenced, and, accordingly Plaintiff does not have standing or capacity to prosecute this action.

### TWELFTH AFFIRMATIVE DEFENSE

49. That the Court lacks subject matter jurisdiction because the Plaintiff lacks standing to foreclose.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. That Plaintiff failed to comply with the requirements set forth in RPAPL § 1304 as a condition precedent to bringing this action, and, thus, its action must be dismissed.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. That the action must be dismissed on the grounds of lack of privity because there is no valid contract or agreement between Plaintiff and this answering Defendant and the alleged subject mortgage and note were not properly assigned to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

52. That Plaintiff is not a holder in due course of the subject mortgage note and, accordingly, the Complaint, must be dismissed as a matter of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

53. That Plaintiff is not entitled to enforce the alleged subject mortgage note obligation pursuant to UCC Article 3 because it is not in possession of it.

### SEVENTEENTH AFFIRMATIVE DEFENSE

54. That ownership of alleged rights to foreclose the subject mortgage note obligation were not effectively transferred to Plaintiff pursuant to UCC Article 9.

**WHEREFORE,** the Defendant respectfully requests that the Court issue an Order:

a) Dismissing the Complaint;

b) Granting the Defendant an award of attorney's fees, costs, and disbursements;

c) Granting such other and further relief as this Court deems just and proper.

Dated: New York, NY
December 28, 2016

_____
Romeo Salta (RS2301)
Attorney for Defendant
630 Ninth Avenue, Suite 405
New York, NY 10036
(917) 562-3347
Telecopier: (917) 591-5095
romeosalta@mac.com

To:
ALAN SMIKUN, ESQ.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 EILEEN WAY, SUITE 101
SYOSSET, NY 11791
(516) 921-3838
alansm@nyfclaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of December, 2016, the attached Answer was sent via United States Postal Service first class mail, with adequate postage prepaid to Alan Smikun, Esq. The Margolin & Weinreb Law Group LLP, 165 Eileen Way, Suite 101, Syosset, NY 11791, attorney for the Plaintiff, Ligushka, LLC.

Date:   December 28, 2016

_____
Romeo Salta, Esq.
Attorney for Defendant Rogers